# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CYNTHIA FLEMING CHESNUT, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-404 (MTT) |
| CC SERVICES, INC. | ) |
| Defendant. | ) |

## ORDER

On September 12, 2019, the Court entered its Order dismissing Plaintiff Cynthia Fleming Chesnut's failure-to-accommodate claim because she failed to exhaust her administrative remedies. Doc. 45. Thereafter, Defendant CC Services, Inc. moved for attorneys' fees allegedly incurred (the Defendant provided no evidence of its attorneys' fees) in securing the dismissal of Chesnut's failure-to-accommodate claim. Doc. 50. Then, on October 14, Chesnut moved for entry of final judgment so that she could pursue an appeal of the Court's ruling dismissing her failure-to-accommodate claim; she also moved for an entry of a stay while she pursued that appeal. Doc. 51. The following day, the Court put an end to all of this, informing the parties that it would enter an order denying both motions and instructing the parties to "get on with the case." Doc. 52. This is that order.

To a point, the Court understands the Defendant's frustration. As made clear in its order granting the Defendant's motion to dismiss, few facts and no persuasive law supported Chesnut's effort to salvage her failure-to-accommodate claim. Doc. 45. The

Court need not repeat that discussion. But one additional point needs to be made. It appears that Chesnut's lawyers, and, to a lesser degree, the Defendant's lawyers, did not understand the appropriate standard of review. All appeared to think a motion to dismiss for failure to exhaust is subject to a Rule 12(b)(6) *Iqbal/Twombly* standard of review; it is not.[1] Doc. 45 at 4 (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008)). Nonetheless, consistent with the appropriate standard of review, first Chesnut and then the Defendant submitted, without objection, facts outside the pleadings for the Court to consider. *See generally* Docs. 30-1; 30-2; 31-1; 31-2; 31-3; 31-4; 31-5; 31-6; 34. Yet, Chesnut, in support of what she apparently thought was a critical argument, wrote in her brief that she would (presumably when she thought the time was right) present evidence that she told the EEOC over the telephone of the Defendant's denial of her request for an accommodation. Doc. 30 at 3. Of course, the appropriate time to get that evidence in the record was when she responded to the Defendant's motion to dismiss. She never did, although she did provide copies of her EEOC charge and email correspondence with her EEOC investigator. Docs. 30-1; 30-2. As the Court noted in its Order, even had that evidence been in the record, it would have been of no consequence. Doc. 45 at 5 n.5. But then, in her surreply to the motion to partially dismiss, Chesnut, for the first time, takes exception to the Court's consideration of matters outside the pleadings notwithstanding the fact that she herself submitted evidence and did not object to the Defendant's evidence. Doc. 34 at 9 (citing an

---

[1] Also notable is the fact that neither the complaint nor the amended complaint alleged facts supporting Chesnut's conclusory allegation that she exhausted her administrative remedies. *See generally* Docs. 1; 24. Consequently, she may not have even survived a Rule 12(b)(6) motion to dismiss. Of course, the Court would have allowed her to again amend her complaint if she had facts tending to show she had exhausted.

- 2 -

Eleventh Circuit case regarding a motion to dismiss appropriately brought under the Rule 12(b)(6) standard, not the failure-to-exhaust standard[2]); *see also* Docs. 30-1; 30-2. Arguably, that lends support to the Defendant's belief that Chesnut's lawyers have advanced frivolous arguments.

All that said, Chesnut's arguments were not entirely frivolous. The Court factors into this conclusion Chesnut's *pro se* status during her dealings with the EEOC and when she filed her complaint. While that does not excuse her failure to exhaust, the Court can appreciate her attorneys' efforts to revive a claim that might have been preserved if Chesnut had the benefit of sound legal advice. Moreover, as noted, the Defendant, perhaps following the lead of Chesnut, provides no evidence to support an award of attorneys' fees. See *Duckworth v. Whisenant*, 97 F.3d 1393, 1396-97 (11th Cir. 1996); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Chesnut's motion for entry of final judgment is not a close call. And as the Court must say again, her argument that she exhausted her failure-to-accommodate claim had scant factual or legal support. Certainly, there is no basis for either a piecemeal appeal or a stay of what the Court assumes is her stronger claim. Neither her interests nor the interests of judicial economy will be served by the entry of final judgment.

Accordingly, both motions (Docs. 50; 51) are **DENIED**. Once again, the Court urges the parties to get on with the case.

---

[2] As stated in its previous order, "'it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record'" in motions regarding exhaustion of nonjudicial remedies with the EEOC. *Tillery v. U.S. Dep't of Homeland Sec.*, 402 Fed. App'x 421, 424 (11th Cir. 2010) (quoting *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)).

**SO ORDERED**, this 21st day of October, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
